IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40072
Conference Calendar
_____


DAVID LAVORD DODD; ET AL,

                                        Plaintiffs,

PAUL D. HARVEY,

                                        Plaintiff-Appellant,


versus


THOMAS L. FORD; JAMES MEYERS;
COFFIELD UNIT ADMINISTRATION,

                                        Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CV-66
- - - - - - - - - - -

August 19, 1998
Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

     Paul D. Harvey, Texas inmate # 686576, proceeding *pro se* and

*in forma pauperis* (IFP), appeals the district court's dismissal,

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

as frivolous pursuant to 28 U.S.C. § 1915A(b), of his civil rights lawsuit, 42 U.S.C. § 1983. Harvey contends that he did not receive a copy of the magistrate judge's report and recommendation.

A complaint filed IFP is frivolous "if it lacks an arguable basis in law or fact." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). We review the dismissal of an IFP complaint as frivolous for an abuse of discretion and the dismissal for failure to state a claim *de novo*. *Id.; see Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Although we apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), *pro se* parties must assert the issues that they wish to present on appeal and must argue some error in the district court's decision. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *see Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Parties have an implicit duty pursuant to Fed. R. Civ. P. 77(d) "to inquire periodically into the status of their litigation." *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993). Because Harvey does not challenge the reasons for the dismissal of his civil rights lawsuit, he has abandoned the only issue on appeal with respect to the claims that were before this court. *Brinkmann*, 813 F.2d at 748.

Harvey's appeal is without arguable merit, is frivolous, and is DISMISSED.  *See* 5th Cir. R. 42.2; *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).  Harvey is cautioned that any future frivolous appeals or pleadings filed by him or on his behalf will invite the imposition of sanctions.  Harvey should therefore review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.